UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HISYAR ORUC, | Case No.  1:26-cv-0420 DC CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner Hisyar Oruc, a noncitizen, filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").[1]  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and the Immigration and Nationality Act ("INA").  (Id. at 29-30 (claims one and two).)  For the following reasons, this Court recommends that the petition be granted.

**I.      LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.    FACTUAL BACKGROUND[2]**

Petitioner is a citizen and national of Turkey who entered the United States on or around April 11, 2022.  (ECF No. 1 at 18.)  On April 21, 2022, petitioner was released from the custody of the Department of Homeland Security ("DHS") under an order of release on recognizance.  (Id.)  On December 16, 2025, at his required check-in, petitioner was re-detained without prior notice or hearing.  (ECF No. 1 at 5.)  While petitioner was on release, he complied with all immigration monitoring requirements.  (Id. at 18.)

**III.    DISCUSSION**

On January 20, 2026, through counsel, petitioner filed his habeas petition.  (ECF No. 1.)  On January 30, 2026, petitioner filed a motion for a temporary restraining order.  (ECF No. 5.)  On January 31, 2026, the district court ordered respondents to substantively address whether any provision of law or fact in this case would distinguish it from the district court's prior decisions.  (ECF No. 8 (citing Selis Tinoco v. Noem, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); D.L.C. v. Wofford, No. 1:25-cv-1996 DC JDP (E.D. Cal. Jan. 5, 2026)).)  On February 3, 2026, respondents filed an answer to the petition for writ of habeas corpus, docketed as respondents' opposition to the motion for a temporary restraining order.  (ECF No. 11.)  In the answer, respondents argued that petitioner's detention is lawful under the Constitution and applicable

_____

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 31.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondents do not contest petitioner's factual allegations.  (See ECF No. 11.)

2

provisions of the INA, and acknowledged that this case presents no factual or legal components distinguishing it materially from Selis Tinoco, 2025 WL 3567862. (Id. at 4.) On February 3, 2026, the district court noted respondents' continued opposition to the motion for temporary restraining order and that respondents acknowledged that this case was not materially distinguishable from Selis Tinoco, 2025 WL 3567862. (ECF No. 12.) The district court granted the motion for temporary restraining order, and ordered petitioner's immediate release, without any additional restrictions, such as electronic monitoring, unless it is determined to be necessary at a future pre-deprivation custody hearing. (Id. (citing Selis Tinoco, 2025 WL 3567862, and D.L.C., No. 1:25-cv-1996 DC JDP).) In addition to granting petitioner's immediate release, the district court ordered that respondents shall not impose any additional restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and if the government seeks to re-detain petitioner, the government must provide no less than 7 days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. (ECF No. 12.) The district court ordered respondents to show cause why a preliminary injunction should not issue on the same terms. (Id.)

On February 10, 2026, respondents filed a response to the order to show cause, arguing that a preliminary injunction was not warranted because petitioner is subject to mandatory detention and ineligible for a bond hearing under 8 U.S.C. § 1225(b)(2). (ECF No. 20 at 1-2.) Respondents acknowledged their position is contrary to the district court's analysis, but added that several appeals on this central dispute are pending in the Ninth Circuit. (Id. at 2 (citing Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. filed Oct. 29, 2025); Maldonado Bautista v. Noem, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), appeal docketed, No. 25-7958 (9th Cir. Dec. 19, 2025)).) On February 11, 2026, the district court found respondents added no new arguments in opposition, found all four Winter factors weighed in favor of granting injunctive relief, and issued a preliminary injunction on the same terms as the temporary restraining order. (ECF No. 21 (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).) The district

court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

On February 20, 2026, respondent confirmed that petitioner was released from immigration detention.  (ECF No. 23.)  On March 16, 2026, in response to this Court's scheduling order, respondents timely filed a status report standing on their prior briefing and maintaining that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).  (ECF No. 24.)  Petitioner filed nothing further.  Briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner's re-detention was pursuant to INA's discretionary detention statute, 8 U.S.C. § 1226, not the mandatory detention statute, 8 U.S.C. § 1225, and respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claims one and two).  See Selis Tinoco, 2025 WL 3567862, D.L.C., No. 1:25-cv-1996 DC JDP).  This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

**IV.     CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Hisyar Oruc unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 30, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/oruc0420.157.2241.imm

5